# FEDERAL DEFENDER OFFICE
## LEGAL AID & DEFENDER ASSOCIATION, INC.
**613 Abbott St., 5th Floor**
**Detroit, MI  48226**
*Telephone:* **(313) 967-5542** ■ *Fax:* **(313)  962-0685**



**LEGAL AID AND DEFENDER**
**A S S O C I A T I O N   I N C**

**DEIERDRE' L. WEIR**
*Executive Director*

**MIRIAM L.SIEFER**
*Chief Federal Defender*

(313) 967-5868

April 26, 2010

**TODD A. SHANKER,**
**Esq.**

(313) 967-5859

The Honorable Victoria Roberts
United States District Court
for the Eastern District of Michigan
Theodore Levin United States Courthouse
231 W. Lafayette Blvd., Room 123
Detroit, MI 48226

Dear Judge Roberts:

The defendants have both a statutory and constitutional right to compulsory process at a detention hearing. 18 U.S.C. §3142(f); *United States v. Gaviria,* 828 F.2d 667, 670 (11th Cir. 1987).   This includes the right to call witnesses "who would ordinarily be expected to testify for the Government at trial."  *Gaviria*, 828 F.2d at 670. The legislative history behind the Bail Reform Act compels a finding that the judge at a detention hearing is vested with the discretion to allow defendant to call an "adverse witness with or without a proffer."  *Id*.  More importantly, "the right of compulsory process, as provided by the Sixth Amendment, guarantees that the defendant may compel the attendance of witnesses in his favor" on the factors relevant to pre-trial detention decisions.  *Id*.

The Government describes a split of authority on this issue that simply does not exist.  The defendants in the cases cited by the Government in its letter never requested to call agents as witnesses pursuant to the right of compulsory process under the Sixth Amendment.  See *United States v. Smith*, 79 F.3d 1208, 1210 (D.C. Cir. 1996); *United States v. Winsor*,  785 F.3d 755, 756 (9th Cir. 1986). In these cases, the defendants limited their objection to the proffer procedure. In *Smith*, the defendant did not attempt to call the agents as witnesses for the defense on matters pertaining to detention.  Rather, Smith merely argued that "**the district court's decision to permit the Government to proceed by proffer**" denied him his Fifth Amendment right to due process and his Sixth Amendment right to confront his accusers.  Similarly, in *Winsor*, the defendant did not challenge the truth of the Government's proffer and admitted he only wanted the witnesses to be called by the Government "to demonstrate that he was arrested without probable cause," an issue that is

*ADMINISTRATIVE SERVICE*          *CIVIL LAW GROUP*          *JUVENILE LAW GROUP*          *STATE DEFENDER OFFICE*
**DEIERDRE'  L. WEIR,** *Executive Director*     **JOAN GLANTON HOWARD,** *Chief Counsel*     **REGINA DANIELS,** *Chief Counsel*     **DONALD JOHNSON,** *Chief Defender*

clearly not relevant under §3142(g). The *Winsor* Court merely held that "without a proffer from Winsor that the Government's information is incorrect, the magistrate was not required to allow Winsor to cross-examine the investigators and police officers." *Winsor*, 785 F.3d at 757.

In sum, there is no split in authority regarding a defendant's right to call witnesses in his favor on factors relevant to his case for pre-trial release.  Nor is their a split regarding a defendant's right to call adverse witnesses:  every circuit that has addressed the issue has held that the court is vested with wide discretion to accommodate this right.  *Gaviria*, *Id*.; *Winsor*, *Id*.; *United States v. Joost*, 42 F.3d 1984, *4 (1st Cir. 1994); *United States v. Acceturo*, 783 F.2d 382, 388-389 (3rd Cir. 1986).

Counsel for defendants firmly believe that the case agent possesses information that would significantly weaken the Government's proffer regarding defendants' alleged dangerousness pursuant to §3142.  After all, uncharged Hutaree members who have attended trainings for the last two years were interviewed at length by the FBI.  Those witnesses have publically stated that they were not aware of any Hutaree members making threats against law enforcement at the training sessions, and that the group "couldn't have planned their way out of a paper sack." According to the witnesses, "trying to make these bozos into a paramilitary organization is ludicrous."  See "Hutaree members describe FBI raid at phony memorial service in Ann Arbor," Lee Higgins, 4/18/2010, www.annarbor.com (attached).

With regard to David Stone Jr., the case agent's knowledge is particularly crucial. The Government ominously proffered the 19 year-old's role-playing of the "opposition force" and "ambush" setting, as well as his "explosives training" of Hutaree members.  Yet witnesses interviewed by the agents have stated that in reality the group had "fun... playing capture the flag" and "nobody talked about making bombs" at training.  According to the witnesses, "one team would go and hide and the other team would try to find them until they walked into their ambush."  The alleged trip-wire device was a "fishing line" connected to a "party popper" that would go off if someone stumbled upon it during play.  *Id*.

Furthermore, the Government's proffer included a time-line that began with the allegation that in December of 2008, David Brian Stone, Sr. and Joshua Stone approached firearms dealer Walter Priest and offered to break his son out of jail.  Detention Hearing, 3/31/2010, Tr. 13.  The Detroit News is reporting that  Priest denies that "the jail break offer" ever occurred.  See "Gun dealer with ties  to Hutaree faces federal indictment," Paul Egan, 4/21/2010, www.detnews.com (attached).

Defense counsel have consistently objected to the Government's attempt to detain defendants by proffer.  However, the fact that this procedure

2

has been authorized by the Court only underscores the importance of the defendant's right of compulsory process in this case.  The fact that this is a presumption case only exacerbates these constitutional concerns.  It is one thing for the government to proceed by proffer and attempt to shield its witnesses from adversarial testing.  But it is quite another for the Government to attempt to make a statutory presumption unrebuttable by issuing the extreme claim that defendants are seeking a mini-trial simply because they have asked for a reasonable accommodation of their right to call witnesses.

During the status conference, defense counsel asked the Government to produce the undercover agent for the upcoming detention hearing.  The Government refused, citing safety concerns.  As a compromise, the court asked the Government to have its case agent available to testify for the defense at the hearing on April 27th.  As noted above, because there is a reasonable likelihood that the Agent possesses material information related to the Government's claims of dangerousness, this is a fair accommodation of defendants'  "Sixth Amendment guarantee" of "the attendance of witnesses in his favor" at a detention hearing and well-within this court's discretion. *Gaviria,* 828 F.2d at 670.

As stated in *Acceturo*:  "Congress' authorization of hearsay evidence does not represent a determination that such evidence is always appropriate.  Nor does it relieve the judicial officer of [the] duty to require more when tendered hearsay evidence does not rise to the required level of reliability." *Id*. at 389.  This is just such a case.  Allowing defendants to call and examine the case agent is a minimal provision for the defendant's right to compulsory process. The Government's own authority indicates that such a decision is safely vested in this Honorable Court's discretion.

Respectfully submitted,

s/Richard Helfrick

s/Todd A. Shanker
Federal Defender Office
Counsel for David Brian Stone, Jr.

cc:     AUSA Joseph Falvey, Jr.
        AUSA Ronald Waterstreet
        AUSA Jonathan Tukel
        Mr. William Swor
        Mr. James Thomas
        Mr. Michael Rataj
        Mr. Randall Roberts
        Mr. Mark Satawa
        Mr. Arthur Weiss
        Mr. Henry Scharg
        Mr. Christopher Seikaly