UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

vs                                                      Case No: 10-20123
                                                      Honorable Victoria A. Roberts

DAVID STONE, ET AL,

    Defendants.
_____/

## ORDER

**I.    INTRODUCTION**

Before the Court is Defendant David Brian Stone Jr.'s Motion to Compel Compliance with Court Order Regarding Bill of Particulars. (Doc. # 452). All seven co-Defendants join in the motion.

The motion, to the extent it asks the Court to dismiss and strike the challenged portions of the indictment, is **GRANTED**.

**II.    BACKGROUND**

Defendants are charged with: (1) Seditious Conspiracy (18 U.S.C. § 2384); (2) Conspiracy to use Weapons of Mass Destruction (18 U.S.C. § 2332a(a)(2)); (3) Use and Carrying of a Firearm During and in Relation to a Crime of Violence (18 U.S.C. § 924(c)(1)); (4) Possessing a Firearm in Furtherance of a Crime of Violence (18 U.S.C. § 924(c)(1)). In addition, Defendants David Stone, David Stone, Jr., and Joshua Stone are charged with various other weapons-related offenses.

On April 27, 2011, Defendants moved for, *inter alia*, a bill of particulars to

1

supplement the allegations in Count One of the indictment charging seditious conspiracy. (Doc. # 314). That Count alleges a single conspiratorial agreement with two objects: (1) to forcibly oppose the authority of the United States Government and (2) to forcibly prevent, hinder, or delay the Government's execution of federal firearms laws. Magistrate Judge Komives denied the motion. (Doc. # 390). Defendants objected to the magistrate's order.

On October 6, 2011, the Court affirmed in part and reversed in part the magistrate's opinion and order denying the bill of particulars. (Doc. # 448). The Court held Defendants were not entitled to a bill regarding the first objective of the seditious conspiracy charge – conspiring to forcibly oppose the authority of the United States Government – because the indictment provided sufficient detail. However, Defendants were entitled to a bill regarding the Government's allegation that they conspired to forcibly prevent, hinder, or delay the Government's execution of federal firearms laws. The Court observed that while the indictment specifies many ways in which Defendants allegedly conspired to oppose the Government's authority, the relevance of those events to the second object was shrouded in mystery. The Court ordered the Government to provide a bill illuminating: (1) which federal firearms and explosive devices laws are at issue; (2) how the Government would be attempting to execute those laws when the conspirators attacked; and (3) how the attack constitutes forcible opposition to the execution of those laws.

The Government filed a bill of particulars on October 27, 2011. (Doc. # 449). The bill purported to provide the clarity ordered by the Court. On November 3, 2011, David Stone, Jr. moved to compel the Government to comply with the Court's order

2

regarding the bill of particulars; the other Defendants joined. (Doc. #s 452, 455, 456, 457, 459, 460, 467, and 470).

## III. ARGUMENTS

Defendants say the bill fails to respond to the Court's order and, instead, substantially amends the indictment to allege uncharged means and methods of seditious conspiracy that have nothing to do with the "attack plan" contained in the indictment. Further, Defendants say the specific events identified in the bill are not sufficient to establish a conspiracy to forcibly prevent, hinder, or delay the execution of federal gun laws.

The Government disagrees. It says the bill is sufficient to apprise Defendants of what they must defend against. It says the bill identifies the firearms laws in question, identifies ways in which the Government would seek to execute those laws, alleges that Defendants agreed and intended to resist government efforts to enforce those laws by force, and includes examples of events which demonstrate the conspiracy. The Government says the bill does not impermissibly amend the indictment; it merely contains fact details not alleged in the indictment to more fully advise Defendants of the offense charged, and does not add any charges not contained in the indictment.

In reply, Defendants say the Government concedes it cannot comply with the Court's order because there is no direct connection between the means and methods identified in the indictment and approved by the Grand Jury, and the second objective of the seditious conspiracy charge. Defendants again raise their impermissible amendment argument. They say, "20 months into the case, the government is attempting to insert into the charging document a newly 'pled' agreement/plan to resist

3

by force the execution of federal firearms laws 'if an[d] when' such enforcement took place." (Doc. # 473; Reply to Government's Response at 5).

IV. ANALYSIS

The seditious conspiracy statute, 18 U.S.C. § 2384, provides:

> If two or more persons in any State or Territory, or in any place subject to the jurisdiction of the United States, conspire to overthrow, put down, or to destroy by force the Government of the United States, or to levy war against them, or to oppose by force the authority thereof, or by force to prevent, hinder, or delay the execution of any law of the United States, or by force to seize, take, or possess any property of the United States contrary to the authority thereof, they shall each be fined under this title or imprisoned not more than twenty years, or both.

The indictment alleges two of the objectives identified in § 2384: (1) forcible opposition to the Government's authority and (2) forcible hindering of the execution of federal firearms laws.

The purpose of an indictment is twofold: (1) to provide the defendant with a description of the charges against him to enable him to prepare a defense and to plead his conviction or acquittal for protection against further prosecution for the same charges and (2) to inform the court of the facts alleged, so that it may decide whether they are sufficient in law to support a conviction. *Reeder v. United States*, 262 F. 36, 38 (8th Cir. 1919). The indictment must state factual allegations, not just conclusions of law. *Id.* When an indictment does not sufficiently serve its purpose, a bill of particulars may be used to fill the void. *See United States v. Birmley*, 529 F.2d 103, 108 (6th Cir. 1976). When a bill of particulars is furnished, the government is strictly limited to the particulars it specifies, "i.e., the bill limits the scope of the government's proof at trial." *United States v. Haskins*, 345 F.2d 111, 114 (6th Cir. 1965).

4

The Government's bill of particulars does little to lift the veil of mystery the Court identified in its previous order. Cases analyzing the seditious conspiracy statute's proscription against forcibly preventing, hindering, or delaying execution of any law of the United States, stand for the proposition that to be convicted under this clause, defendants must conspire to forcibly resist the authority of the United States, while a governmental entity "endeavor[s] to carry the laws into execution." *Baldwin v. Franks*, 120 U.S. 678, 693 (1887); *see also Haywood v. United States*, 268 F. 795, 800 (7th Cir. 1920) ("[The statute] condemns force only when a conspiracy exists to use it against some person who has authority to execute and who is immediately engaged in executing a law of the United States."). Thus, the Court directed the Government to specify *how it would be attempting to execute federal firearms laws* when Defendants forcibly resisted, and how Defendants' conduct revealed a conspiracy to forcibly oppose *the immediate execution of those laws*.

The facts alleged in the bill are not legally sufficient to support a conviction for conspiracy to prevent, hinder, or delay execution of federal firearms laws. Importantly, a conviction for this offense requires "something more than setting the laws themselves at defiance." *Baldwin*, 120 U.S. at 693. The bill alleges that Defendants acquired and possessed firearms, ammunition, and explosive devices; this possession alone violated federal law, the Government contends. But Defendants are not guilty of *hindering execution of* federal firearms laws simply because they violated these laws. The bill of particulars says they are charged with conspiring to prevent, hinder or delay, the execution of laws: (1) "regulating the sale of firearms and requiring accurate records of such sales to be maintained and provided to federal agencies;" (2) "prohibiting the

5

receipt, possession, or manufacture of certain kinds of firearms, including machine guns, short-barreled rifles, and short-barreled shotguns;" (3) "prohibiting the receipt, possession, or manufacture of destructive devices;" and (4) "prohibiting the use, carrying, or possession of firearms in connection with a crime of violence." (Doc. # 449; Bill of Particulars ("BoP") at ¶ 2). It is incumbent on the Government to specify exactly how Defendant hindered execution; unlawful possession is not enough. *See Baldwin*, 120 U.S. at 693.

Instead of providing the necessary specifics of the violation alleged, the Government attempts to expand the narrow scope of this clause by including allegations of unlawful possession of firearms – an offense already charged in other counts of the indictment. *Cf. Haywood*, 268 F. at 800 ("[The seditious conspiracy statute] should not be enlarged by construction."). The first six paragraphs of the bill of particulars describe various weapons and destructive devices Defendants allegedly acquired and possessed. They fail to explain how possession of unlawful devices translates into conspiring to hinder government execution of gun laws.

Paragraph seven alleges that David Stone sent an email to "numerous contacts" saying ATF enforcers were looking for a firefight and "WE WILL answer the call" following a regulatory inspection by the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") of a Federal Firearms Licensee who supplied firearms to Hutaree members. (BoP at ¶ 7). This does not constitute conspiracy to hinder, prevent, or delay the execution of federal firearms laws. First, it does not allege an agreement between the named conspirators. *See, e.g.*, *Elder-Beermen Stores Corp. v. Federated Dept. Stores, Inc.*, 459 F.2d 138, 140 n. 5a (6th Cir. 1972) (to show conspiracy, it is

6

"absolutely essential" to prove that there was an agreement between the named conspirators). The only Defendant named is Stone; the "numerous contacts" are not identified. The fact that Stone uses the pronoun "we" and asks all Hutaree members to contact him does not establish that all Defendants agreed to do anything outlined in the email. *See, e.g.*, *United States v. Hughes*, 505 F.3d 578, 588 (6th Cir. 2007) (the essence of a conspiracy is the agreement to commit the offense; mere association with a conspirator is not enough to show participation in the conspiracy, nor is evidence that the alleged conspirators committed the same or associated crimes). Second, the body of the email does not reveal an attempt to hinder the execution of firearms laws. The Court fails to see the connection between a request to "answer the call" of ATF enforcers "looking for a reason to start a firefight," and a conspiracy to hinder the execution of federal law.

The next two paragraphs of the bill are too conclusory to provide Defendants meaningful notice of the specific acts alleged to violate the statute. Paragraph eight states:

> As part of the conspiracy, the defendants agreed and intended to resist by force efforts by ATF or any other law enforcement agency to carry out their regulatory functions with regard to the sale, purchase, receipt, or transfer of firearms. The purpose of this resistance would be to prevent, hinder, and delay the execution of federal laws.

(BoP at ¶ 8). Paragraph nine says Defendants agreed to resist ATF's efforts to investigate or inquire into their use or possession of firearms or destructive devices. These legal conclusions, couched as fact allegations, are not sufficient to notify Defendants of the conduct resulting in the charge. *See, e.g.*, *Reeder*, 262 F. at 38 ("A crime is made up of acts and intent; and these must be set forth in the indictment with

7

reasonable particularity of time, place and circumstance.").

In *United States v. Cruikshank*, 92 U.S. 542, 558 (1875), the Supreme Court explained:

> It is an elementary principle of criminal pleading, that where the definition of an offence, whether it be at common law or by statute, includes generic terms, it is not sufficient that the indictment shall charge the offence in the same generic terms as in the definition; but it must state the species, -it must descend to particulars.

92 U.S. at 558. A bill of particulars is supposed to give the defendant notice of the essential facts of the crime and is necessary when the indictment is so general that it does not advise the defendant of the specific acts of which he or she is accused. *See United States v. Nicolo*, 523 F.Supp.2d 303, 315 (W.D.N.Y. 2007). Despite the Court's explicit instruction, the Government does not describe the particulars of the second objective of the seditious conspiracy charge in sufficient detail to support that objective. The conclusory allegations in paragraphs eight and nine do not advise Defendants of the specific acts constituting a conspiracy to prevent, hinder, or delay the execution of federal law.

Furthermore, the particulars that are alleged do not constitute the crime of conspiring to forcibly prevent, hinder, or delay the execution of federal gun laws. As previously noted, the relevant statutory language is limited to a conspiracy to forcibly oppose the Government while it is "immediately engaged in executing a law of the United States." *Haywood*, 268 F. at 800. This language becomes important when read against the specific acts set forth in the bill. For example, paragraph twelve alleges a two-day stand-off between federal agents and Joshua Stone. The Government claims Stone "and his party" (not naming any of the other Defendants) took numerous guns

8

and ammunition into the woods and refused to come out when law enforcement ordered them to do so. It says, "[t]he purpose of this resistance was in part to prevent, hinder, and delay the execution of federal law." (BoP at ¶ 12). But how was the Government immediately engaged in executing laws regulating the sale and possession of firearms and explosive devices during this stand-off? Defendants say the Government was attempting to execute an arrest warrant, not a federal statute. (Doc. # 452 at 5). And how was there an agreement to use force when Joshua Stone merely remained in the woods despite the Government's arrest warrant (and when he finally came out he did not have weapons)? There is simply too much guesswork involved in these allegations for the Court to sustain them.

Paragraph ten provides another example. The Government says by carrying firearms with them while traveling in cars, David Stone, Joshua Stone, Michael Meeks, Thomas Piatek, and Joshua Clough "agreed and intended to resist by force efforts by ATF or any other law enforcement agency to investigate or inquire into their possession and transportation" of these firearms. (BoP ¶ 10). Again, the requisite nexus between the facts alleged and the conduct proscribed by the statute is absent. The Court simply cannot draw the conclusion that Defendants, by transporting illegal weapons, agreed to thwart the Government's possible attempt to immediately execute federal laws regulating firearms. The sentence that concludes the paragraph highlights the Government's flawed reasoning: "As possession of the prohibited firearms was in violation of federal law, the purpose of this resistance would be in part to prevent, hinder, and delay the execution of federal laws." (*Id.*). This statement contradicts the Supreme Court's admonition in *Baldwin* that "preventing, hindering, or delaying the

9

government of the United States in the execution of its laws....means something more than setting the laws themselves at defiance." 120 U.S. at 693.

Finally, like paragraph seven, paragraph ten does not name all Defendants. Similarly, paragraphs eleven and twelve name only Joshua Matthew Stone; the actions of Joshua Stone and "several other (unidentified) Hutaree associates" (BoP at ¶ 12) are insufficient to support a conspiracy charge against the other Defendants. The Government cites *United States v. Crayton*, 357 F.3d 560, 568 (6th Cir. 2004) for the proposition that it is not required to provide essential facts regarding the existence and formation of the conspiracy, or to name all of the co-conspirators. (Doc. # 472 at 5). *Crayton* simply says when an indictment alleges conspiracy between a single defendant and "unnamed persons," the Government "is not required to furnish the name[s] of all *other* co-conspirators in a bill of particulars." 357 F.3d at 568 (emphasis added). Here, unlike in *Crayton*, the co-Defendants are all named in, and accused of violating, Count One; likewise, each Defendant seeks clarification of the charge as it relates to him or her. Thus, each is entitled to know how the facts alleged constitute the offense as it relates to him or her.

Because the bill of particulars does not furnish the necessary basis to charge Defendants with conspiring to forcibly prevent, hinder, and delay the execution of federal firearms laws, this portion of the indictment will be stricken. Accordingly, the Court need not address Defendants' arguments that the bill of particulars constitutes a prejudicial amendment of the indictment and a duplicitous charge in violation of the Fifth Amendment due process clause.

V.     CONCLUSION

Defendants' motion, to the extent it asks the Court to dismiss and strike the challenged portions of the indictment, is **GRANTED**.  The Government must remove from the indictment all allegations relating to a conspiracy to forcibly prevent, hinder, or delay the execution of federal law; the facts alleged in the indictment and bill of particulars do not support this alleged objective.

The hearing scheduled for January 6, 2012 at 10:00 am is cancelled.

**IT IS ORDERED.**

                                                S/Victoria A. Roberts
                                                Victoria A. Roberts
                                                United States District Judge

Dated:  December 15, 2011

---

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on December 15, 2011.

S/Linda Vertriest
Deputy Clerk

---