UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,               CASE NUMBER: 10-20123
                                        HONORABLE VICTORIA A. ROBERTS

v.

DAVID BRIAN STONE, ET. AL.,

        Defendant.
        _____/

**ORDER ON DEFENDANTS' MOTIONS REGARDING**
**EXPERT WITNESS TESTIMONY UNDER *DAUBERT* AND FED. R. EVID. 702**

**I.    INTRODUCTION**

This matter is before the Court on Defendant David Brian Stone's Motion to Preclude Government's "Expert Witness" Michael Barkun and for *Daubert* Hearing (Doc. # 532) and his Motion for *Daubert* Hearing prior to Trial and to Preclude Government "Expert" Witnesses and/or to Limit Their Cumulative Testimony (Doc. # 533). Defendants Michael Meeks, Tina Stone, Thomas Piatek, Joshua Stone, David Stone, Jr., and Kristopher Sickles join.

Defendants' Motions are **GRANTED IN PART AND DENIED IN PART**.

**II.    BACKGROUND**

Defendants are charged with: (1) Seditious Conspiracy (18 U.S.C. § 2384); (2) Conspiracy to use Weapons of Mass Destruction (18 U.S.C. § 2332a(a)(2)); (3) Use and Carrying of a Firearm During and in Relation to a Crime of Violence (18 U.S.C. § 924(c)(1)); and (4) Possessing a Firearm in Furtherance of a Crime of Violence (18

1

U.S.C. § 924(c)(1)).  In addition, Defendants David Stone, David Stone, Jr., and Joshua Stone are charged with various other weapons-related offenses.

On January 5, 2012, Defendants moved for a hearing pursuant to *Daubert v. Merrell Dow Pharms.*, 509 U.S. 579 (1993) ("*Daubert* hearing") to determine the admissibility of testimony from the Government's expert witnesses; they also seek to preclude that testimony.  In both motions, Defendants complain that the Government's Expert Witness Summaries do not comply with the requirements of Fed. R. Crim. P. 16(a)(1)(G).  The Court agreed and ordered the Government to provide new summaries.  The Government provided updated summaries for all proposed expert witnesses.  Also, it says that it no longer intends to call one of its proposed experts, Federal Bureau of Investigation Special Agent Mark Davidson.

### III. APPLICABLE LAW AND ANALYSIS

Fed. R. Evid. 702 governs the admissibility of expert testimony.  Under that rule:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

FED. R. EVID. 702.  It "embodies three distinct substantive restrictions on the admission of expert testimony: qualifications, reliability, and fit."  *Elcock v. Kmart Corp.*, 233 F.3d 734, 741 (3d Cir. 2000). The proponent of the expert opinion, in this case the Government, has the burden to establish its admissibility by a preponderance of the evidence.  See *Daubert*, 509 U.S. at 593 n. 10.

2

In *Daubert*, the Supreme Court held that judges are to serve a gatekeeper function with respect to the admissibility of expert testimony. *Avery Dennison Corp. v. Four Pillars Enterprise Co.*, 45 Fed. Appx. 479, 483 (6th Cir. 2002). It stated that a judge must assess the reasoning and methodology underlying the expert opinion testimony to determine whether the opinion is scientifically valid, *i.e.*, whether it rests on "good grounds" based on what is known (reliability) and can properly be applied to the factual issues in dispute (relevance) before admitting the opinion. *See Daubert,* 509 U.S. at 590-93. "The relevance inquiry ensures 'that there is a fit between the testimony and the issue to be resolved at trial.'" *Rondigo, L.L.C. v. Casco Twp., Michigan*, 537 F.Supp.2d 891, 892 (E.D. Mich. 2008) (quoting *Greenwell v. Boatwright*, 184 F.3d 492, 496 (6th Cir. 1999)). While the "reliability step focuses on the methodology and principles that form the basis for the testimony," *Id.* at 893 (citing *Boatwright*, 184 F.3d at 497). In *Kuhmo Tire Co., Ltd. v. Carmichael*, 526 U.S. 137 (1999), the Supreme Court extended *Daubert*'s holding to technical and other specialized knowledge.

In fulfilling its gatekeeper function, the court may choose, but is not required, to hold a formal *Daubert* hearing. *Avery Dennison Corp.,* 45 Fed. Appx. at 484; *see also Kuhmo Tire Co.,* 526 U.S. at 152 (trial judges have the "discretionary authority" to avoid unnecessary "reliability" proceedings in ordinary cases where the reliability of an expert's methods is properly taken for granted). While the court has the discretion to avoid a *Daubert* hearing, it must make an initial assessment of the relevance and reliability of the expert testimony. *Boatwright*, 184 F.3d at 498. It must ensure that the "factual underpinnings of the expert's testimony were sound...." *Id.*

In line with its role as gatekeeper, this Court reviewed the updated summaries

provided by the Government on January 17 and 20, 2012. Those summaries, for the most part, satisfy the Court that the Government's proposed experts are qualified and will provide testimony that is reliable and relevant to the issues this case involves. With the exception of Professor Michael Barkun, they are all members of law enforcement with extensive experience in their respective fields, who utilized standard industry procedures and testing methods to draw conclusions that pertain to factual issues in the case.

To the extent Defendants have specific, articulable objections to the admissibility of these experts' opinions, *see* Fed. R. Evid. 103(a)(1)(B), they should raise them during trial, after the Government has laid a foundation for the testimony. At that time Defendants may voir dire and/or cross-examine the witnesses, and the Court may decide to exclude the testimony (or portions thereof) of one or more witness based on this examination. *See Avery Dennison Corp.*, 45 Fed. Appx. at 484 ("The judge must simply keep watch over the proceedings, and, with the aid of objections from council (sic), eliminate methodologically unsound or irrelevant expert testimony."). If Defendants object, "the Court will indicate on the record the reasons the witness may or may not provide expert testimony (i.e., whether the expert is qualified, and whether the testimony is relevant and reliable)." *United States v. West*, No. 06-20185, 2009 WL 3874170, at *2 (E.D. Mich. Nov. 18, 2009). The Court's reasons may or may not include one or more of several criteria the Daubert Court said might assist in making expert testimony admissibility determinations. *Id.*; *see also Daubert*, 509 U.S. at 593-94.

However, the Government concedes that due to the specialized nature of

4

proposed "Academic Expert" Professor Barkun's testimony, a *Daubert* hearing is in order. The Court agrees. The Government says Mr. Barkun will testify about militia thought and conspiracy theories generally; but, he will be asked to review and comment on specific materials found at Defendants' residences. The Court will need to assess the relevance of these materials to Mr. Barkun's proposed testimony and area of expertise.

## IV. CONCLUSION

Defendants' Motion to Preclude Government's "Expert Witness" Michael Barkun and for *Daubert* Hearing (Doc. # 532) is **GRANTED IN PART AND DENIED IN PART**. It is **GRANTED** to the extent it requests a hearing and **DENIED** to the extent it asks the Court to exclude Mr. Barkun's testimony prior to the hearing.

Defendants' Motion for *Daubert* Hearing Prior to Trial and to Preclude Government "Expert" Witnesses and/or Limit their Cumulative Testimony (Doc. # 533) is **GRANTED IN PART AND DENIED IN PART**. The Court will not hold a *Daubert* hearing prior to trial for proposed Government witnesses Jeremy Wintz, Brian Luettke, Michael Powell, Robert Mothershead, Walker Sharp, and Richard Stryker. However, the Court will entertain objections (under Fed. R. Evid. 702 or otherwise) to these witnesses' testimony at trial.

Counsel have already been notified that the Court will hold a *Daubert* hearing to consider the admissibility of Professor Barkun's testimony. That hearing will be held on **January 26, 2012 at 1:00 pm.**

**IT IS ORDERED.**

5

                                                  /s/ Victoria A. Roberts  
                                                  Victoria A. Roberts  
                                                  United States District Judge

Dated: January 23, 2012

---

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on January 23, 2012.

S/Linda Vertriest  
Deputy Clerk

---