UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                    CASE NUMBER: 10-20123
                                            HONORABLE VICTORIA A. ROBERTS

v.

DAVID BRIAN STONE, et al.,

        Defendant.
_____/

**ORDER DENYING DEFENDANTS' MOTION RECONSIDERATION**

**I.    INTRODUCTION**

Before the Court is Defendant Michael David Meeks' Motion for Reconsideration (Doc. 614) of the Court's January 19, 2012, Order (Doc. 605) denying Defendants' motion for an evidentiary hearing on the admissibility of seized anti-government literature and the admissibility of government experiments and re-enactments. Defendants seek reconsideration of only the second part of the January 19 Order, regarding experiments and re-enactments. Some other Defendants join in this motion.

Because Defendants fail to identify a palpable error in the Order, their Motion for Reconsideration is **DENIED**.

**II.    ARGUMENT AND ANALYSIS**

On January 19, 2012, the Court issued an Order denying Defendants' motion for an evidentiary hearing on the admissibility of government experiments or re-enactments. While agreeing that demonstrative evidence is generally admissible if it is relevant and probative, Defendants argued that the Government should be required to

lay the necessary foundation for admission outside the presence of the jury. Yet, as the Court noted in its Order, Defendants failed to articulate any specific objections to the experiments and re-enactments despite having reports from the Government describing how the demonstrations were carried out. The Court held that it could not rule without specific objections. The Court also stated that because this type of evidence is routinely admitted, Defendants would not be prejudiced if the Government laid the necessary foundation at trial.

Defendants filed this Motion for Reconsideration to "articulate the specific aspects to which the proposed demonstrations would fail to meet the standard" for admissibility. The crux of Defendants' argument is that because the FBI has both expert knowledge and expansive resources unavailable to the Hutaree, or other ordinary citizens, any FBI recreations could not possibly satisfy the test of substantial similarity set forth in *United States v. Baldwin*, 418 F.3d 575, 579-80 (6th Cir. 2005). Defendants say the demonstrations here "were conducted under exacting and controlled conditions," making use of "the most advanced, the most 'state of the art' resources." Defendants contrast the FBI's resources with Hutaree's, stating, "the Hutaree did not possess, nor could they conceivably been able to possess, the intricate and complex machinery required to produce bombs in the same manner as the FBI was surely able to do." Defendants also say that nobody in the Hutaree has the knowledge and expertise of the munitions experts at the FBI. Therefore, the recreations are not "substantially similar" to what the Hutaree could have done and are not admissible.

A court grants reconsideration only if the movant demonstrates a "palpable defect by which the court and the parties and other persons entitled to be heard on the

motion have been misled [and] that correcting the defect will result in a different disposition of the case." E.D. Mich. LR 7.1(h)(3). If the movant merely presents the same issues the court already ruled on, the motion will be denied. *Id.* A "palpable defect" is one that is "obvious, clear, unmistakable, manifest, or plain." *Ososki v. St. Paul Surplus Lines Ins. Co.*, 162 F.Supp.2d 714, 718 (E.D. Mich. 2001). A motion for reconsideration is not a proper means to advance arguments that could have been argued earlier but were not. *Wesco Distrib., Inc. v. Hartford Fire Ins. Co.*, No. 09-13014, 2010 WL 4822897, at *1 (E.D. Mich. 2010).

Defendants could have presented this argument in their original motion but failed to do so; the Court need not consider it now. However, even assuming this Motion for Reconsideration is procedurally proper, Defendants do not demonstrate a palpable defect in the Court's January 19, 2012, Order.

Defendants' motion still presents only a general objection. Though the FBI may have had more sophisticated resources available than the Hutaree for producing explosives, it does not necessarily follow that they did not create the explosives using the same means members of the Hutaree would have used. Defendants still do not point to specific portions of the reports demonstrating that the experiments were conducted in a way that renders them not substantially similar. Additionally, even if the FBI created explosives in a manner differently than the Hutaree would have, if the FBI used Hutaree blueprints, and the end product was substantially similar, the demonstration is likely admissible. The FBI need not control every single variable of its experiments; the substantial similarity standard is a flexible one. *See United States v. Metzger*, 778 F.2d 1195, 1205 (6th Cir. 1985). The Court has broad discretion to

determine whether the substantial similarity test is met. *Baldwin*, 418 F.3d at 580-81.

## III. CONCLUSION

Defendants did not demonstrate a palpable defect in the Court's Order; their Motion for Reconsideration is **DENIED**. The Court still does not have adequate information to rule on the admissibility of the experiments or re-enactments. The Government will be required to lay the proper foundation at trial.

    S/Victoria A. Roberts
    Victoria A. Roberts
    United States District Judge

Dated: January 26, 2012

---

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on January 26, 2012.

S/Linda Vertriest
Deputy Clerk

---