UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

vs                                                        Case No: 10-20123
                                                        Honorable Victoria A. Roberts

DAVID BRIAN STONE, ET AL,

    Defendants.
_____/

## **ORDER REGARDING GOVERNMENT PROPOSED EXHIBIT 7A-D**

**I.    BACKGROUND**

The Government seeks admission of Exhibit 7A-D, which contains statements made primarily by Defendant David Stone Sr., another person identified as "EJ" and the confidential informant (CI). No other Defendant was present when the CI made this tape recording in February 2009, a point in time when the Government says the conspiracies alleged in the Indictment were underway. While the Government originally proposed to introduce the statements of EJ as coconspirator statements under FRE 801(d)(2)(E), the Government acknowledged that a sufficient foundation had not yet been laid that EJ is a coconspirator. Instead, the Government proposes to introduce the statements of David Stone Sr. for two reasons: (1) as statements to be considered by the jury as it decides if David Stone Sr. formed the intent to commit the conspiracies charged in the Indictment, and (2) as coconspirator statements under FRE 801(d)(2)(E).

No one objects to admission of the statements for the first purpose outlined

1

above. His co-Defendants object to their admission as coconspirator statements. They say the statements are not in furtherance of the conspiracies charged. Count I charges Defendants with conspiracy to oppose the United States Government by force. Count II charges Defendants with conspiracy to use weapons of mass destruction against local, state and federal law enforcement officers. Defendants say the statements of David Stone Sr. are "mere idle chatter" evincing "personal feelings" about "events going on in the world." (2/22/12 Tr. 41).

The Court finds that the Government does not carry its burden to prove that the statements were made in furtherance of the conspiracies alleged in the Indictment. Consequently, the statements will come in as evidence with respect to David Stone Sr.; the Court will not admit the statements as coconspirator statements under FRE 801(d)(2)(E).

## II. ANALYSIS

The Government did not lay the proper foundation to admit Stone, Sr.'s statements in Exhibit 7A-D against the other Defendants under the coconspirator exception to the hearsay rule, Fed. R. Evid. 801(d)(2)(E). As the proponent of hearsay evidence, the Government must prove by a preponderance of the evidence, that the coconspirator exception applies. *See Bourjaily v. United States*, 483 U.S. 171, 176 (1987). To do so, the Government must establish three preliminary facts: (1) the existence of a conspiracy between the David Stone Sr. and the non-offering parties, the other Defendants; (2) the statements were made during the course of the conspiracies; and (3) the statements were made in furtherance of the conspiracies. *United States v. Perez*, 989 F.2d 1574, 1577 (10th Cir. 1993). The Court is not certain that the

Government has established the first of these elements at this point in time, let alone the second and third. The Court must make findings on the record as to the existence of each of these three preliminary facts before admitting statements of one coconspirator against others under Fed. R. Evid. 801(d)(2)(E), over a hearsay objection. *Id.* at 1580.

Defendants' primary contention is that the statements were not made in furtherance of the conspiracies, that is, to promote the objectives of the conspiracies charged. Courts are clear that mere idle chatter, narrative declarations of past events, and casual conversations between coconspirators are NOT made in furtherance of the conspiracy. *See, e.g.*, *United States v. Shores*, 33 F.3d 438, 444 (4th Cir. 1994). In addition, "[t]he fact that one conspirator tells another something relevant to the conspiracy does not alone make the declaration competent; the declaration must itself be an act in furtherance of the common object; mere conversation between conspirators is not that...." *United States v. Birnbaum*, 337 F.2d 490, 495 (2d Cir. 1964) (citation and quotation marks omitted).

The most commonly accepted rationale for admitting coconspirator statements rests on the agency theory of conspiracy. *Perez*, 989 F.2d at 1577. Under this theory, each member of a conspiracy is the agent of each of the other conspirators whenever he is acting -- including speaking -- to promote the conspiracy. *Id.* But, in line with this theory, the Government must show the requisite implied authority of one conspirator to make comments on behalf of another -- hence the requirement that the statements further the common goals of the conspiracy. *Birnbaum*, 337 F.2d at 495 ("Declarations of a coconspirator [ ] are competent against an absent defendant [ ] because they are part of the execution of the plan, and have been impliedly authorized by the others.").

The Government cannot reasonably argue, based on what it has shown so far, that all Defendants impliedly authorized Stone, Sr. to make broad statements evincing a general distrust of the federal government and a belief that the Government was somehow involved in, or manipulated society's perception of, certain events such as the Oklahoma City bombing and the attacks on the World Trade Center and the Pentagon in 2001. That argument seems like a stretch. Stone, Sr.'s statements are attenuated from the very specific means and methods through which Defendants allegedly carried out their agreement, as set forth in the Indictment.

Further, a statement admitted under Fed. R. Evid. 801(d)(2)(E) is admitted for its truth and as substantive evidence of the conspiracy charged. It is difficult --if not impossible -- to see how Defendant Stone's statements concerning Oklahoma City, the World Trade Center and the Pentagon, are statements in furtherance of the conspiracies charged by the Government against Defendants, or that they are part of the execution of the plans alleged in the Indictment.

The Tenth Circuit provides an overview for how courts are to evaluate coconspirator statements:

> When inquiring whether a statement was made in furtherance of a conspiracy, we do not focus on its actual effect in advancing the goals of the conspiracy, but on the declarant's intent in making the statement…. No talismanic formula exists for ascertaining whether a particular statement was intended by the declarant to further the conspiracy and is therefore admissible in accordance with the agency theory of conspiracy….To the contrary, this determination must be made by examining the context in which the challenged statement was made.

*Perez*, 989 F.2d at 1578-79 (citations and quotation marks omitted). The Tenth Circuit also warns that a strict construction of the "in furtherance" requirement is mandated by

4

the Supreme Court's warning against any increased broadening of the already expansive federal conspiracy law. *Id.* at 1579. Thus, Rule 801(d)(2)(E) is a limitation on the admissibility of coconspirator statements that is meant to be taken seriously. *Id.* at 1578.

While the Government suggests Stone's anti-Government remarks were intended to induce the CI to participate in, or assist, the conspiracy to overthrow the Government, it does not provide the Court with enough context to draw this conclusion. It is mere speculation that this was Stone, Sr.'s intention. The statements are at times relatively benign and certainly do not evince an intent and plan to oppose the authority of the federal Government by force, or to do so by using weapons of mass destruction (at one point Defendant Stone even says -- or acquiesces in EJ's statement -- that the Hutaree does not intend to harm anybody). The statements sound like political rhetoric and banter. There is nothing to support a conclusion that Stone, Sr., by making these statements, was seeking to induce the CI "to deal with the conspirators or in any other way to cooperate or assist in achieving the conspirators' common objectives." *United States v. Moore,* 522 F.2d 1068, 1077 (9th Cir. 1975). At best, if the Court accepts the Government's theory that the statements establish David Stone Sr.'s animosity toward the federal Government -- and that that animosity compelled him to engage in the acts alleged in the Indictment -- the statements made completely out of the presence of the other Defendants do nothing to establish their intent to participate in the conspiracies alleged; the statements were not made in furtherance of the conspiracies charged and are inadmissible hearsay.

The Court will give the following limiting instruction to accompany the admission

of Government Exhibit 7A-D:

> The statements in Exhibits 7 A-D are to be considered regarding David Stone Sr. only, and are to be considered by you to determine if David Stone Sr, had the intent to engage in the criminal acts charged in the indictment. The statements are not to be considered regarding any other Defendant.

**IT IS ORDERED**.

      /s/ Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: February 23, 2012

---

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on February 23, 2012.

S/Linda Vertriest
Deputy Clerk

---