UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

            Criminal No. 10-20123

        Plaintiff,

            Honorable Victoria A. Roberts

-vs-

Joshua Matthew Stone,

        Defendant.

_____/

## GOVERNMENT'S SENTENCING MEMORANDUM

Defendant Joshua Matthew Stone is scheduled to be sentenced by this court on August 8, 2012. He has pleaded guilty to Count Ten of the Second Superseding Indictment, which charges him with illegal possession of a machine gun in violation of 18 U.S.C. §922(o).

Under the terms of his plea agreement, the defendant is subject to a maximum term of imprisonment of 33 months. Depending upon whether the defendant is given a two level downward adjustment for acceptance of responsibility, his guideline range is either 27 to 33 months or 21 to 27 months.[1] The government opposes the adjustment for acceptance of

_____

[1] Under the plea agreement, ¶2(B), the defendant reserved the right to seek this adjustment, and the government reserved the right to oppose it. The guidelines calculated by the presentence investigation report, ¶¶ 31, 58, incorporate this downward adjustment.

responsibility, because Joshua Stone has shown no genuine remorse for his conduct and did not plead guilty until after trial, at which he contested factual elements of the offense for which he is now convicted. Accordingly, we submit that defendant Joshua Stone should be sentenced within the guideline range of 27 to 33 months.

## Acceptance of Responsibility

A defendant who "clearly demonstrates acceptance of responsibility for his offense" can receive a two level reduction in his offense level. U.S.S.G. §3E1.1. The defendant has the burden of proving by a preponderance of the evidence that he is entitled to a reduction for acceptance of responsibility. *United States v. Ragland*, 3 Fed.Appx. 279, 285 (6th Cir. 2001), *United States v. Surratt*, 87 F.3d 814, 821 (6th Cir. 1996). The reduction for acceptance of responsibility has two purposes: to recognize a defendant's sincere remorse for his conduct, and to reward the defendant for saving the government the trouble and expense of trial. *United States v. De Leon Ruiz*, 47 F.3d 452, 455 (1st Cir. 1995). Thus, "one who is without remorse and fails to acknowledge that his behavior was wrong clearly is not entitled to a reduction for acceptance of responsibility." *United States v. Volpe*, 224 F.3d 72, 75 (2d Cir. 2000), *quoting United States v. Cousineau*, 929 F.2d 64, 69 (2d Cir. 1991). "A reduction in sentence for acceptance of responsibility requires a showing of sincere contrition on the defendant's behalf." *United States v. Medina-*

- 2 -

*Anicacio*, 325 F.3d 638, 648 (5th Cir. 2003), *quoting United States v. Nguyen*, 190 F.3d 656, 658 (5th Cir. 1999). Even where a plea is made in advance of trial, the adjustment for acceptance is not given to a defendant "as a matter of right." *United States v. Castillo-Garcia*, 205 F.3d 887, 888-89 (6th Cir. 2000). Though such a guilty plea is "significant evidence" of acceptance of responsibility, it can be outweighed by other information that is inconsistent with acceptance. *United States v. Ragland*, *supra*, 3 Fed.Appx. at 285.

Finally, an adjustment for acceptance of responsibility is not normally appropriate for a defendant who puts the government to its burden of proof at trial; such a defendant may only receive the adjustment in "rare situations," such as where he goes to trial to preserve an issue unrelated to factual guilt. *United States v. Volpe, supra*, 224 F.3d at 75; *United States v. De Leon Ruiz, supra*, 47 F.3d at 455. Thus, where a defendant elects to "roll the dice" and go to trial on all the counts against him, in the hope of avoiding conviction on the more serious count (and perhaps avoiding conviction altogether), and is convicted only of the less serious counts to which he declined to plead guilty prior to trial, he is not entitled to the reduction on those counts. *Id.*

Here, the defendant has shown no genuine remorse for his conduct. He has pleaded guilty, but has done or said nothing that shows contrition for making and possessing these dangerous weapons, which were part of the substantial arsenal of the Hutaree, in which he had a substantial leadership

role. In addition, the defendant put the government to its burden of proof at trial, contested at trial the evidence that these were illegal weapons and that he possessed them, and only pleaded guilty after the government rested. Under these circumstances this defendant should not be rewarded with an adjustment for acceptance of responsibility.

## Sentencing factors

Consideration of the appropriate sentencing factors supports the imposition of a sentence at the top end of the guideline range this court finds applicable. Pursuant to 18 U.S.C. §3583(c), the factors to be considered include the following:

**3553(a)(1): the nature and circumstances of the offense and the history and characteristics of the defendant.**

The offense of conviction is the illegal possession of a machine gun and a short barreled rifle. These are highly dangerous weapons, because of the fully automatic firing capacity of machine guns, and because of the easy concealment of a short barreled rifle on one's person or in a car. The defendant intentionally modified these weapons into their short-barreled and fully automatic states.

Moreover, the defendant possessed these weapons in his role as one of the leaders of the Hutaree, whose actions this court knows well from the trial. While this court has determined that the actions of the Hutaree did not

- 4 -

constitute seditious conspiracy under 18 U.S.C. §2384, this finding revolved around the conclusion that the evidence was insufficient to find a specific and concrete agreement to oppose by force the government of the United States. That finding does not diminish the evidence in this case that the activities of the Hutaree were dangerous and involved threats to law enforcement and to the public. This was the context in which defendant possessed these dangerous and unlawful weapons.

There is much evidence in the record of Joshua Stone's role in the Hutaree, and his statements of his thoughts and intentions in participating in the actions of the Hutaree, with which this court is well familiar. This includes his full participation in the training, meetings, and other activities of the Hutaree, and his role as leader of one of the fire teams of the organization. It includes his knowledge of and participation in making and detonating various explosive devices such as pipe bombs, black powder bombs, and IEDs. It includes the conversion of assault rifles to fully automatic and short barreled weapons, which Joshua and David Stone told the UCE they had carried during the Hutaree's training exercises. (Tr. 3/13/12 at 44-49; Gov't exhibits 48B, 65F, Tr. at 53-54). It includes his exhortations to his fire team that they were to kill interlopers if necessary during the planned April 2010 "real world op." (Tr. 3/13/12 at 54-55; Gov't exhibits 48I, 46B, 46C). It includes his participation in the demonstration of

- 5 -

a shaped charge, and the discussions of acquiring more such explosives, on August 27, 2009. And it includes the several discussions and actions, with the UCE and other Hutaree members, in January and February, 2010, towards obtaining and assembling the components of Explosively Formed Projectiles (EFPs) for use against law enforcement and their vehicles or convoys.

All of this information serves to put the firearms offenses of conviction in their proper context, and to show the true history and characteristics of defendant Joshua Stone.

Thus, viewed in its proper context, the defendant's offense was more than the simple possession of a machine gun and a short barreled rifle. He possessed and carried those guns in connection with dangerous activities of a group that presented a serious threat to the community and to law enforcement, activities which he helped to lead. These are factors that can and should be considered in determining the appropriate sentence.

### 3553(a)(2)(B): the need for the sentence imposed to afford adequate deterrence.

The defendant argues that the time he has already served is sufficient to serve the purpose of general deterrence – that is, to deter others from the same conduct that he has committed. He further claims that for purposes of specific deterrence – that is, to deter this defendant from again engaging in similar conduct – no further incarceration is needed. We do not agree. Where

- 6 -

the guideline range for the bare offenses committed by the defendant is more that the time he has already served, and the statutory maximum is ten years, a sentence of time served would have the opposite effect of deterrence. Such a sentence would give this defendant, under the egregious circumstances described above, the benefit of a sentence less than, or at the very bottom of, a recommended guidelines sentence (and below the sentence that the guidelines would impose on other defendants convicted of similar crimes committed under less egregious circumstances).

**3553(a)(2)(C): the need for the sentence imposed to protect the public from further crimes of the defendant**

Similarly, a further term of imprisonment would serve to protect the public from the possibility that the defendant would lapse into the behavior involved in this case, including the possession or making of firearms, explosives, or other weapons.

**3553(a)(2)(D): the need for the sentence imposed to provide defendant with needed educational or vocational training.**

The defendant would likely benefit from educational or vocational training. This could best be encouraged and facilitated by a period of supervised release following imprisonment, in which, among other conditions, the defendant would be monitored for working in a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons. See U.S.S.G. §5D1.3(c)(5).

For these reasons, we respectfully submit that the court should impose a custodial sentence of 33 months, to be followed by a term of three years of supervised release including the mandatory and standard conditions prescribed by the sentencing guidelines, together with a "special" condition prohibiting him from possessing a firearm or other dangerous weapon.

Respectfully submitted,

BARBARA L. McQUADE
United States Attorney

*s/ Sheldon N. Light*
SHELDON N. LIGHT (P28798)
CHRISTOPHER GRAVELINE (P69515)
Assistant U.S. Attorneys
211 West Fort Street, Suite 2001
Detroit, Michigan 48226
(313) 226-9732
sheldon.light@usdoj.gov
christopher.graveline2@usdoj.gov

Dated: August 1, 2012

## Certificate of Service

I hereby certify that on August 1, 2012, I electronically filed the foregoing document  with the Clerk of the Court using the ECF system, which will electronically send notification of such filing to all ECF participants.

s/ Sheldon N. Light
SHELDON N. LIGHT (P28798)
Assistant U.S. Attorney
211 W. Fort St., Suite 2001
Detroit, MI 48226-2311
313.226.9732
sheldon.light@usdoj.gov